J-S36023-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HAYLEY NICHOLE BUTLER | : | |
| | : | |
| Appellant | : | No. 1709 WDA 2019 |

Appeal from the Judgment of Sentence December 21, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0002382-2014

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    FILED SEPTEMBER 18, 2020

Appellant, Hayley Nichole Butler, appeals nunc pro tunc from the judgment of sentence entered in the Cambria County Court of Common Pleas, following her open plea of nolo contendere to third-degree murder.[1] We affirm and grant counsel's petition to withdraw.

A prior panel of this Court set forth the relevant facts of this case as follows:

> On October 5, 2015, [Appellant] entered a plea of nolo contendere to one count of third-degree murder for the death of her boyfriend's nine-month-old child. The child died from head trauma and other bodily injuries while under [Appellant's] sole and exclusive care. The plea agreement did not contain a recommended or negotiated sentence. On December 21, 2015, the trial court sentenced [Appellant] to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

10 to 25 years' incarceration.

[Appellant] filed timely post-trial motions to reconsider her sentence and to withdraw her plea. On February 11, 2016, the trial court denied both motions. [Appellant] filed a timely notice of appeal.

Commonwealth v. Butler, No. 367 WDA 2016, unpublished memorandum at 1-2 (Pa.Super. filed August 11, 2017). This Court affirmed the judgment of sentence on August 11, 2017, and Appellant did not seek further review.

On July 30, 2018, Appellant timely filed a pro se petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The court appointed counsel, who filed an amended PCRA petition on February 26, 2019. The amended petition raised two claims, asserting ineffective assistance of counsel in conjunction with the plea proceedings. The court conducted an evidentiary hearing on March 13, 2019. At that time, Appellant testified that she did not actually want to overturn her conviction. Rather, Appellant was "just asking for a lesser sentence" in light of underlying mental health issues. (N.T. Hearing, 3/13/19, at 4). Appellant further argued that prior counsel was ineffective for failing to present evidence of Appellant's mental health issues at her sentencing hearing, because this information would have resulted in a more favorable sentence. (See id. at 11). Consequently, Appellant asked the court to review her mental health records, which she had yet to obtain, and "decide whether … those documents would result in … a new sentencing [hearing] being granted." (Id. at 12).

Following the hearing, the court continued the matter for sixty (60) days

to provide Appellant with additional time to obtain the mental health records and file a supplemental PCRA petition. Appellant, however, failed to comply with the sixty-day deadline. On June 3, 2019, the court entered an opinion and order "construing [Appellant's claims] as a nunc pro tunc request for Sentence Modification." (Order, entered 6/3/19, at 1). Consequently, the court denied Appellant's sentencing claims without prejudice. On June 10, 2019, Appellant filed a motion to vacate the June 3, 2019 order, explaining she was still attempting to obtain her mental health records. The court denied Appellant's motion to vacate on June 12, 2019. Again, the court explained that "nothing herein shall prevent counsel from submitting a nunc pro tunc request for Sentence Modification, should he obtain supportive medical documentation."[2] (Order, entered 6/12/19, at 1).

On July 1, 2019, Appellant filed her motion to modify sentence nunc pro tunc. Appellant asserted that she had finally obtained her mental health records, which confirmed the diagnoses of "depressive disorder, post-traumatic stress disorder and nightmares." (Motion, filed 7/1/19, at ¶5). Appellant argued that the "information about [her] mental health conditions was not considered at her sentencing," and "her sentence would have been

_____

[2] A PCRA court can reinstate a petitioner's post-sentence rights nunc pro tunc if the petitioner successfully pleads and proves she was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. Commonwealth v. Liston, 602 Pa. 10, 19 n.9, 977 A.2d 1089, 1094 n.9 (2009).

lower if the court had this information at her sentencing." (Id. at ¶6, ¶7). The court conducted a hearing on October 15, 2019. Appellant testified, admitting that she was aware of her mental health issues at the time of sentencing. Appellant did not bring up her issues because she was embarrassed, and she did not want her mother to know about her mental health. (See N.T. Hearing, 10/15/19, at 7). On October 16, 2019, the court denied Appellant's motion to modify sentence nunc pro tunc.

On November 13, 2019, Appellant timely filed a notice of appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on November 22, 2019. On December 11, 2019, counsel timely filed a Rule 1925(c)(4) statement of intent to file an Anders[3] brief. Counsel subsequently filed a petition to withdraw and an Anders brief with this Court.

As a preliminary matter, counsel seeks to withdraw representation pursuant to Anders and Commonwealth v. Santiago, 602 Pa. 159, 978 A.2d 349 (2009). Anders and Santiago require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise her of

_____

[3] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

- 4 -

her right to obtain new counsel or file a pro se brief to raise any additional points the appellant deems worthy of review. Santiago, supra at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. Commonwealth v. Wrecks, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. Commonwealth v. Palm, 903 A.2d 1244, 1246 (Pa.Super. 2006). See also Commonwealth v. Dempster, 187 A.3d 266 (Pa.Super. 2018) (en banc).

In Santiago, supra, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither Anders nor [Commonwealth v. McClendon, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under Anders are references to anything in the record that might arguably support the appeal.
>
> *    *    *
>
> Under Anders, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

Santiago, supra at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations

> to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Id. at 178-79, 978 A.2d at 361.

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel performed a thorough review of the record and concluded the appeal is wholly frivolous. Counsel supplied Appellant with a copy of the Anders brief. Counsel also provided Appellant with a letter explaining her right to retain new counsel to pursue the appeal or to proceed pro se to raise any points Appellant deems worthy of this Court's attention.

In the Anders brief, counsel provided a statement of facts and procedural history of the case. Counsel's argument refers to relevant law and portions of the record that might arguably support Appellant's sentencing issue. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of Anders and Santiago.

Appellant has not responded to the Anders brief pro se or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> The Sentencing Court abused its discretion in sentencing by not lowering Appellant's sentence pursuant to her "Motion to Modify Sentence Nunc Pro Tunc."

(Anders Brief at 10).

On appeal, Appellant argues the sentencing court should have imposed a lesser sentence in light of her mental health records. As presented, Appellant's challenge implicates the discretionary aspects of her sentence.[4] See Commonwealth v. Moury, 992 A.2d 162 (Pa.Super. 2010) (reiterating that claim that certain factors justified lesser sentence implicates discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42

---

[4] "At the outset, we note that in terms of its effect upon a case, a plea of nolo contendere is treated the same as a guilty plea." Commonwealth v. Jabbie, 200 A.3d 500, 505 (Pa.Super. 2018) (internal quotation marks omitted). "[W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of [a] sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." Commonwealth v. Tirado, 870 A.2d 362, 365 n.5 (Pa.Super. 2005). "An 'open' plea agreement is one in which there is no negotiated sentence." Id. at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so she can challenge the discretionary aspects of her sentence.

Pa.C.S.A. § 9781(b).

Commonwealth v. Evans, 901 A.2d 528, 533 (Pa.Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by, inter alia, including in her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. Commonwealth v. Mouzon, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." Commonwealth v. Anderson, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 913 (quoting Commonwealth v. Brown, 741 A.2d 726, 735 (Pa.Super. 1999) (en banc), appeal denied, 567 Pa. 755, 790 A.2d 1013 (2001)).

As a general rule, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." Commonwealth v. Cruz-Centeno, 668 A.2d 536, 545 (Pa.Super. 1995), appeal denied, 544 Pa. 653, 676 A.2d 1195 (1996) (quoting Commonwealth v. Urrutia, 653

A.2d 706, 710 (Pa.Super. 1995), appeal denied, 541 Pa. 625, 661 A.2d 873 (1995)). Moreover, where the sentencing court had the benefit of a pre-sentence investigation ("PSI") report, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. Tirado, supra at 366 n.6.

Instantly, Appellant's post-sentence motion nunc pro tunc and Rule 2119(f) statement preserved her claim that the court did not consider her history of mental illness. Nevertheless, Appellant's claim does not raise a substantial question. See Cruz-Centeno, supra. Moreover, the court had the benefit of a PSI report. (See N.T. Sentencing, 12/21/15, at 3). Therefore, we can presume the court considered the relevant information and mitigating factors. For these reasons, we conclude Appellant is not entitled to relief on her challenge to the discretionary aspects of sentencing. See Sierra, supra. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2020

- 9 -